

2012 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-11-2012

# Leo Schweitzer III v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 11-3909

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2012

Recommended Citation

"Leo Schweitzer III v. USA" (2012). *2012 Decisions.* Paper 1600.
http://digitalcommons.law.villanova.edu/thirdcircuit_2012/1600

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2012 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3909
_____

LEO F. SCHWEITZER, III,

Appellant

v.

UNITED STATES OF AMERICA; ATTORNEY GENERAL OF UNITED STATES;
SOLICITOR GENERAL OF UNITED STATES; WILLIAM J. HAYNES, II, U.S.
DEPARTMENT OF DEFENSE; WILLIAM R. BURCHILL, JR., ADMINISTRATIVE
OFF. OF U.S. COURTS; HONORABLE GERALD AUERBACH, UNITED STATES
MARSHAL SERVICE; PATRICK L. MEEHAN, UNITED STATES ATTORNEY,
EASTERN DIST.; HONORABLE DANIEL H. HUYETT, III; HONORABLE
CLARENCE C. NEWCOMER; HONORABLE WELSH, MAGISTRATE JUDGE;
AUSA JUSDON A. AARON, PERSONAL & OFF; AUSA GERALD SULLIVAN,
PERSONAL & OFF; AUSA JAMES, ROHN, PERSONAL & OFF; AUSA
CHRISTOPHER HALL, PERSONAL & OFF; BRUCE CHASON, PERSONAL & OFF;
AUSA MARSHA MCCLELLEN, PERSONAL & OFF; AUSA RICHARD
GOLDBERG, PERSONAL & OFF; GAIL WHITE AGBUGUI, PROBATION
PER/OFF; MICHAEL SANTELLA, PROBATION PER/OFF; DONALD MILLER,
PROBATION PER/OFF; SALLY KEGLOVITS, PROBATION PER/OFF;
CHRISTOPHER MAUHN, PROBATION PER/OFF; ROBERT MCKENNEY, FBI -
PERSONAL & OFF; WILLIAM ALONE, FBI - PERSONAL & OFF; ROBERT
COONS, DOD - PERSONAL & OFF; JOHN DOE #1, DOD - PERSONAL & OFF;
JOHN DOE #2, DOD - PERSONAL & OFF; JOHN DOE #3, DOD - PERSONAL &
OFF; JOHN DOE #4, NCIS - PERSONAL & OFF; JOHN DOE #5, NCIS - PERSONAL
& OFF; TEAH WEDLOCK, USPC; SCOTT KUBRIC, USPC; COMM. SIMSON,
USPC; JOHN DOE #6, USPC; P. DOUGLAS SISK, CLERK; BRADFORD A.
BALDUS, LEGAL ADVISOR; JEFFREY MILLER, ESQUIRE; NARSUTI & MILLER;
GARY LENTZ; BOTCHETTO & LENTZ; CONRAD, O'BRIEN, GELLMAN &
ROHN; JOHN DUNN; DIANNA DUNN; DETECTIVE TODD, PERSONAL & OFF
STATE ACTORS; PLYMOUTH TOWNSHIP; MONTGOMERY TOWNSHIP;
PENNSYLVANIA, STATE ACTORS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 08-cv-01806)
District Judge: Honorable Edwin M. Kosik (by designation)
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 15, 2011

Before: FUENTES, GREENAWAY, JR. and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 11, 2012)
_____

OPINION
_____

PER CURIAM

"Leo F. Schweitzer, III, has a two-decade history of defrauding the Department of Defense." <u>United States v. Schweitzer</u>, 454 F.3d 197, 198 (3d Cir. 2006). This history has resulted in his convictions of mail fraud and other federal crimes in 1985, 1995 and 2005. <u>See</u> <u>id.</u> at 198-200. We have affirmed them. <u>See</u> <u>id.</u> at 206; <u>United States v. Schweitzer</u>, 116 F.3d 470 (Table) (3d Cir. 1997); <u>United States v. Schweitzer</u>, 800 F.2d 1141 (Table) (3d Cir. 1986). We also have rejected Schweitzer's numerous collateral challenges to these convictions and his sentences over the years. <u>See</u> <u>Schweitzer v. United States</u>, 354 F. App'x 601, 602 (3d Cir. 2009). The convictions have never been invalidated.

At issue here is a civil complaint that Schweitzer filed in 2007. Schweitzer named and sought monetary damages from the United States and forty-six other state, federal and private defendants, including investigators, prosecutors, probation officers, privately

2

retained counsel, judges, court employees, government witnesses, and virtually everyone else involved in his criminal proceedings and sentences. In general terms, Schweitzer alleges that he is innocent and that defendants have conspired to wrongly convict him and deprive him of various constitutional rights in connection with his criminal proceedings, collateral challenges, and the service of his sentences. Schweitzer later filed a very similar complaint against many of the same defendants in a different District Court. That court dismissed the complaint, and we dismissed his resultant appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). See Schweitzer, 354 F. App'x at 602.

Meanwhile, the defendants filed motions to dismiss Schweitzer's complaint in the present action as well. The District Court granted those motions in a series of rulings. By order entered March 29, 2011, it dismissed the complaint as to two law firms and one lawyer. By order entered March 30, 2011, it dismissed the complaint as to another law firm and lawyer. By order entered April 13, 2011, it dismissed the complaint as to the state defendants. Finally, by order entered September 22, 2011, it dismissed the complaint as to the federal defendants.

Schweitzer appeals. He mentions only the District Court's September 22 order in his notice of appeal, but even if we liberally construed it to include the District Court's prior orders our ruling would be the same. Because we have granted Schweitzer leave to proceed in forma pauperis, we must screen this appeal to determine whether it is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Schweitzer's appeal lacks any such basis. The District Court thoroughly explained

3

its reasons for dismissing the complaint against each defendant, and those reasons included collateral estoppel on the basis of our previous rulings, statutes of limitations, prosecutorial and judicial immunity, the favorable termination requirement of Heck v. Humphrey, 512 U.S. 477 (1994), and failure to state a claim on numerous other grounds. The District Court also properly explained why leave to amend would be futile. We have carefully reviewed Schweitzer's complaint and the District Court's opinions. We discern no arguable basis to question the District Court's rulings, for the reasons the District Court already has thoroughly and adequately explained. Schweitzer's submission in support of his appeal, the first sentence of which urges us to "[f]orget the criminal judgments," states no such basis. For these reasons, we will dismiss this appeal.